[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ADDENDUM TO MEMORANDUM OF DECISION DATED OCTOBER 18, 2002 RE: DISCOVERY
In Memorandum of Decision dated October 18, 2002, Memorandum,[1] this court reserved decision relevant to petitioner's Motion to Compel, Interrogatories Nos. 13 and 16,[2] wherein the court ordered that:
 "all police reports and/or any other documents alleging or containing information relevant to the sexual abuse of M by anyone for the years 1993, 1994 and 1995 (whether or not an arrest occurred) are to be submitted to the court under seal . . . in order for the court to conduct an in camera review."[3],[4]
In ordering the documents submitted to the court, this court did mischaracterize the pronouncements of the trial court. The trial court had not previously ordered the subject documents turned over to the defense as articulated in Memorandum.[5]
The nature of the inquiry herein is for this court to ascertain, from the documents provided, under seal, whether there is anything contained therein that is exculpatory and/or relevant to the issues and/or credibility of a material witness regarding the pending Petition for New Trial. Also, the court is to inquire whether said documents reflect any assault upon M, the victim, that occurred prior to February 4, 1994, and would therefore be relevant to any inquiry concerning an alternative source of M's knowledge of matters of a sexual nature.
A petition for a new trial is a civil action. Lombardo v. State,172 Conn. 385, 390-91, 374 A.2d 1065 (1977). Connecticut Practice Book § 13-2 provides the standard for the scope of discovery.[6]
Contained in the documents turned over to this court, under seal, is a "case report" relevant to RZ. This report contains an uncorroborated CT Page 16055 complaint. Although the information contained therein, may, arguably, be relevant to the credibility of M in any re-trial of this matter and therefore would be disclosable to petitioner (under seal), this court is of the opinion that it is precluded by law from disclosing the information.
The RZ report was prepared in 1995. State law requires that any complaint that remains uncorroborated must be destroyed within 15 months of its creation.[7],[8]
So also in Bona v. Freedom of Information Commission, 44 Conn. App. 622,691 A.2d 1 (1997) our appellate court in interpreting [General Statutes §§ 1-210 and 1-216] held that police reports containing uncorroborated allegations are not to be disclosed Accordingly, said documents are not disclosed to petitioner and remain under seal. (Documents, pages 1 through 9).
Likewise, police records concerning "Romeo" are in the nature of an uncorroborated complaint and is not subject to disclosure for the same reasons articulated hereinabove relevant to RZ. (Documents, pages 22, 38-39, 42-45 and 53).
The next item the court reviewed was the arrest warrant application for Richard Reardon. The court discerns nothing in the records provided that is exculpatory. However, the fact that the record reveals that the allegations were made against Reardon on November 8, 1995, one week before M's testimony in the petitioner's trial, the information therein, may, arguably, be relevant to M's credibility and the degree of her sexual knowledge, and the source of that sexual knowledge, prior to her testimony. Accordingly, the arrest warrant application of Reardon is hereby disclosed to the petitioner, under seal. (Documents pages 10 through 13, 23 and 24).
The court next reviewed records emanating from the Department of Children and Families (DCF). Records prepared by DCF are privileged. See General Statutes § 17a-28.
Upon a careful review of General Statute § 17a-28 the court concludes that several items of the documents provided, may, arguably, be relevant to the credibility of M in a future trial. This court is of the opinion that under the circumstances of this case, the items are privileged, and the court is not free to order disclosure.
However it is noteworthy that under § 17a-28 (l) in a criminal prosecution (this petition is a civil matter) the states attorney is CT Page 16056 obligated, without court order, to turn over "information and material contained in such record which could be the subject of a disclosure order." Request should be made to the state in the proper forum.
Accordingly, the items from DCF are privileged and not subject to disclosure in this proceeding. (Documents 42, 49, 52-54).
The court could discern nothing in the remaining documents provided by the state which in any way are relevant to our inquiry or provide a basis for any indication of the sexual molestation of M prior to February 4, 1994, the date on which M disclosed the molestation by petitioner. Accordingly, said remaining documents are not subject to disclosure and will remain under seal.
 ___________________, J. Miano